```
                   IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| A.V. and M.V. o/b/o B.V., | : | HON. JEROME B. SIMANDLE |
| Plaintiffs, | : | Civil No. 06-1534 (JBS) |
| v. | : | |
| BURLINGTON TOWNSHIP BOARD OF EDUCATION, | : | **OPINION** |
| Defendant. | : | |

APPEARANCES:

John B. Comegno, II, Esq.
COMEGNO LAW GROUP, P.C.
521 Pleasant Valley Avenue
Moorestown, NJ 08057
     Attorney for Plaintiffs A.V. and M.V. on behalf of B.V.

James Schwerin, Esq.
PARKER MCCAY, P.A.
1009 Lenox Drive
Suite 102A
Lawrenceville, NJ 08648
     Attorney for Defendant Burlington Township Board of
     Education

**SIMANDLE**, District Judge:

     Plaintiffs A.V. and M.V. originally filed this action on

behalf of their minor child, B.V., against Defendant, the

Burlington Township Board of Education (the "Board"), pursuant to

the Individuals with Disabilities Educational Improvement Act

("IDEIA"), 20 U.S.C. § 1440 et seq., as an appeal of the final

administrative decision of January 6, 2006 by the Honorable Jeff

S. Masin, New Jersey Administrative Law Judge ("ALJ").  After the

parties filed cross-motions for summary judgment, this Court
issued an Opinion and Order [Docket Items 18 and 19] in which it,
inter alia, (1) granted Plaintiffs' motion for attorneys' fees
for the administrative phase of the case, but reduced the
requested fees to correspond with Plaintiffs' limited success at
the administrative level; (2) denied Plaintiffs' motion for
summary judgment as to the issue of whether the ALJ erred in
denying Plaintiffs' request to place B.V. out-of-district; and
(3) found that the Board had failed to comply with the ALJ's
decision and ordered the Board's immediate compliance.  The
parties subsequently reached a private settlement regarding the
Board's obligations to B.V.

        Presently before the Court is Plaintiffs' motion for
attorneys' fees stemming from their post-administrative efforts
in this case [Docket Item 36].  For the reasons explained below,
the Court will grant Plaintiffs' motion for attorneys' fees, but
will reduce the award of fees as set forth herein on account of
the limited nature of Plaintiffs' success in litigating this
matter before this Court.

I.    **BACKGROUND**

      A.    **Facts**

        The facts surrounding B.V.'s disabilities and history of
educational placements were reviewed in detail in the Court's
June 27, 2007 Opinion and Order and are summarized here only

insofar as they are relevant to the issues raised by the motion presently under consideration.  B.V. was born in 1997 as one of three triplets, and experienced developmental problems starting at an early age.  In April 2004, B.V. was diagnosed with attention deficit disorder, and over the next seven months, he was evaluated by numerous specialists who all found that B.V. experienced serious difficulty with math and reading.

During B.V.'s second-grade year, in December 2004, a disagreement arose between B.V.'s parents and his Child Study Team over B.V.'s Individualized Education Plan ("IEP").  While B.V.'s parents felt that he required three hours of individualized reading instruction each day, the Child Study Team ultimately approved only one hour per day of such individualized instruction.  At the end of B.V.'s second-grade year, his achievement levels in math and reading reflected his continuing difficulties, and when his parents were presented with an IEP for the 2005-2006 school year, they rejected the IEP and requested that B.V. be placed out-of-district at the Newgrange School in Princeton, New Jersey.

**B.    Procedural History**

On September 19, 2005, Plaintiffs filed a due process petition with the New Jersey Department of Education, Office of Special Education Programs.  In their petition, Plaintiffs sought out-of-district placement of B.V. at the Newgrange School, as

well as compensatory education.  The ALJ did not grant
Plaintiffs' request for out-of-district placement, but with
respect to the 2005-2006 school year, the ALJ held that "the IEP
prepared in April 2005 [was] not reasonably calculated to provide
[B.V.] with a meaningful educational benefit" under the IDEA.
M.V. and A.V. o/b/o B.V. v. Burlington Twp. Bd. of Educ., OAL
Dkt. No. EDW 08276-05s and AGENCY Dkt. No. 2006 10539 at 23.  As
this Court summarized in its June 27, 2007 Opinion ("A.V. I"):

> Noting that the Board eliminated the forty minute per day
> of reading with B.V., the ALJ concluded that he saw no
> significant suggestion of such dynamic improvement
> occurring so as to support the abandonment of a course of
> instruction that seems to have been helping B.V.  The ALJ
> stated that the Board must revise the IEP and provide
> B.V. with a meaningful educational benefit meaning that
> the Board must revise the IEP and provide for B.V. to
> have daily session with a certified reading specialist
> for at least forty minutes a day.  In addition, the Board
> must assure that B.V. receives a multi-sensory oriented
> program throughout his curriculum.  Finally, the ALJ
> ordered that if the district is unable to provide this
> support in-district, it must determine where such support
> may be provided.

A.V. v. Burlington Tp. Bd. of Educ., No. 06-1534, 2007 WL
1892469, at *5 (D.N.J. June 27, 2007) (internal quotations and
citations omitted).

Plaintiffs appealed the ALJ's decision to this Court on
March 31, 2006.  In their four-count Complaint, Plaintiffs sought
(1) attorneys fees and costs as the prevailing party at the
administrative level; (2) a ruling that the ALJ erred in failing
to place B.V. out-of-district; (3) a ruling that the ALJ erred in

4

failing to place B.V. in the Newgrange School since the nature and severity of B.V.'s disabilities required an out-of-district placement; and (4) an order stating B.V. should be placed at Newgrange School immediately at the Board's expense because the Board failed to comply with the ALJ's Order.  Id. at *1.

The parties filed cross-motions for summary judgment, and on June 27, 2007, the Court issued an Opinion and Order granting in part and denying in part the parties' motions.  Specifically, the Court granted Plaintiffs' motion for attorneys' fees, but reduced the award of fees based on the limited success achieved at the administrative level, and denied Plaintiffs' motion with respect to the question of out-of-district placement at the Newgrange School.  Additionally, based on Plaintiff's demonstration of the Board's "manifest" noncompliance with aspects of the ALJ's order, the Court ordered the Board to bring itself into compliance with the ALJ's order, and scheduled a compliance hearing "to assure that the Board has satisfied this mandate."  Id. at *16.

Following the entry of the June 27, 2007 Opinion and Order, and prior to the scheduled compliance hearing, the parties reached a private settlement as to the educational support and compensatory education that the Board would provide B.V.  (Docket Item 31.)  The motion for attorneys' fees presently under consideration followed shortly thereafter.

## II.  DISCUSSION

In their motion for attorneys fees, Plaintiffs argue that they were the prevailing parties in this action, and that they accordingly are entitled to an award of reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i)(I).[1]  In the Affidavit of Services submitted by Plaintiffs' counsel, John Comegno, II, Esq., Mr. Comegno attests that "[i]n order to reasonably handle this matter, at the Federal level, the total amount of fees and costs expended are $45,565.40."  (Comegno Aff. ¶ 14.)  In conjunction with their motion, Plaintiffs have submitted a series of invoices documenting the fees and costs they have incurred over the course of litigating this action.  (Comegno Aff. Ex. 1.) Without contesting Plaintiffs' prevailing party status, Defendant argues that the quantity of fees and costs claimed by Plaintiffs is "grossly excessive."  (Def.'s Opp'n Br. at 7.)

The Court's analysis as to whether Plaintiffs are entitled to attorneys' fees is twofold.  First, the Court must address whether Plaintiffs prevailed in the proceedings before this Court.[2]  See P.G. v. Brick Tp. Bd. of Educ., 124 F. Supp. 2d 251,

_____

[1]  See Note 7, infra.

[2]  As the Court noted, supra, Plaintiffs were adjudged to be the prevailing parties at the administrative level in the Court's June 27, 2007 Opinion and Order, and fees and costs for Plaintiffs' efforts in those proceedings have already been awarded.  See A.V., 2007 WL 1892469, at *7.  The present motion does not pertain to Plaintiff's fees at the administrative level.

259 (D.N.J. 2000).  If the Court finds that Plaintiffs were the prevailing parties in this action, then the Court must assess the reasonable fees and costs that they are owed.  Id.  As the Court explains below, it finds that Plaintiffs did "succeed on [a] . . . significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit."  John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545, 555 (3d Cir. 2003).  However, Plaintiffs' success in this action was limited, and the award of fees will be reduced accordingly.

### A.   Prevailing Party Status

While "[u]nder the 'American Rule,' parties are typically responsible for their own attorneys' fees," P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir. 2006) (citation omitted), Congress has, in certain statutes, authorized an award of fees to a "prevailing party."  See, e.g., 20 U.S.C. § 1415(i)(3)(B); 42 U.S.C. § 1988.  As the Court of Appeals explained in John T.,

> [t]he Supreme Court has held that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.  Accordingly, the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.

John T., 318 F.3d at 555 (internal quotations and citations omitted).

Moreover, as the Supreme Court held in Buckhannon Board &

<u>Care Home, Inc. v. West Virginia Department of Health & Human Resources</u>, a litigant cannot be a prevailing party for attorneys' fees purposes unless it has received court-ordered relief.  532 U.S. 598, 603-04 (2001) ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial <u>imprimatur</u> on the change.").  Hence, a plaintiff who benefits from a settlement agreement with a defendant will not be considered a prevailing party unless "the change in the legal relationship of the parties was in some way judicially sanctioned."[3]  <u>P.N.</u>, 442 F.3d at 853 (internal quotations and citations omitted).  Additionally, "a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief."  <u>Select Milk Producers, Inc. v. Johanns</u>, 400 F.3d 939, 947 (D.C. Cir. 2005) (cited approvingly in <u>People Against Police Violence v. City of Pittsburgh</u>, 520 F.3d 226, 234 (3d Cir. 2008)).

Applying this standard to the facts of this case, the Court finds that, although Plaintiffs did not prevail on each and every claim raised in their Complaint, they were awarded sufficient

_____

[3]  Such a judicial sanction would attach, the Court of Appeals has recognized, in the case of a stipulated settlement that "1) contains mandatory language; 2) is entitled 'Order,' 3) bears the signature of the District Court judge, not the parties' counsel; and 4) provides for judicial enforcement."  <u>P.N.</u>, 442 F.3d at 853 (citation omitted).

judicial relief in <u>A.V. I</u> to be considered prevailing parties in this action.[4]  Of the three substantive claims raised in Plaintiffs' Complaint,[5] Plaintiffs prevailed, in part, on one: the Court found, as Plaintiffs alleged in Count IV of the Complaint, that the Board had failed to comply in full with the ALJ's order, and ordered that the Board bring itself into compliance "<u>forthwith</u>."  <u>A.V.,</u> 2007 WL 1892469, at *16 (emphasis in original).  Specifically, the Court ordered the Board to

> immediately comply with the ALJ's order to (1) determine whether the district is able to provide the ordered support and, if not, identify the out-of-district program where such support will be provided, and (2) assure that B.V. receives a multi-sensory oriented program. Further, the Board shall indicate (3) precisely how it intends to compensate for the total of the 2006 deficit of 76 hours and 40 minutes of one-to-one sessions with a certified reading specialist, integrated into B.V.'s curriculum, using the research-based, multi-sensory approach. The Board shall file an affidavit with the Court within twenty (20) days of the entry of the accompanying Judgment stating that they have complied with the ALJ's order and specifically indicating the Board's efforts going forward to satisfy each of these requirements.

---

[4]  That Plaintiffs' overall success in litigating this action was limited does not mean that Plaintiffs were not prevailing parties, so long as they "succeed[ed] on <u>any significant issue</u> in litigation which achieve[d] some of the benefit the parties sought in bringing suit."  <u>John T.</u>, 318 F.3d at 555 (emphasis added).  The limited nature of their success is accounted for in the Court's assessment of the reasonable fee award, <u>infra</u>.  <u>See</u> <u>J.O. ex rel. C.O. v. Orange Tp. Bd. of Educ.</u>, 287 F.3d 267, 271 (3d Cir. 2002) ("A party need not achieve all of the relief requested nor even ultimately win the case to be eligible for a fee award."); <u>P.N.</u>, 442 F.3d 848 at 856.

[5]  Count I of the Complaint asserted that Plaintiffs were entitled to attorneys' fees for having prevailed before the ALJ.

Id.

In the Order accompanying the Opinion, the Court "granted in part" Plaintiffs' motion for summary judgment, stated that "IT IS ADJUDGED and DECREED that the Board has failed to comply with the final, lawful Administrative Order of January 5, 2006," and ordered that the relief set forth in the quoted language in the preceding paragraph be provided.  (Docket Item 19 at 2.)

The Court finds that, in granting this part of Plaintiffs' motion for summary judgment and ordering the Board's compliance with the ALJ's order, the June 27, 2007 Opinion and Order impacted the legal relationship between the parties in a manner that was "judicially sanctioned."  P.N., 442 F.3d at 853 (internal quotations and citations omitted).  The Court's Order, which "carrie[d] all of the 'judicial imprimatur' necessary to satisfy Buckhannon," People Against Police Violence, 520 F.3d at 233 (citation omitted), was neither a mere "judicial pronouncement unaccompanied by judicial relief," Select Milk Producers, 400 F.3d at 947, nor an award of interim relief that was "ultimately 'reversed, dissolved, or otherwise undone by the final decision in the same case.'"  People Against Police Violence, 520 F.3d at 232 (quoting Sole v. Wyner, --- U.S. ----, 127 S. Ct. 2188, 2195 (2007)).  Rather, the Order provided "concrete and irreversible redress," Select Milk Producers, 400 F.3d at 942, of the sort Plaintiffs sought in bringing this

10

action – namely, a court order requiring the Board to cease its "manifest" noncompliance with, and "indifference to," the ALJ's order.[6]  A.V., 2007 WL 1892469, at *15-16.

Because Plaintiffs succeeded in securing judicial relief that altered the legal relationship between the parties, namely, an order compelling the Board to provide compensatory education services with a certified reading specialist using a multi-sensory approach, the Court finds that Plaintiffs were "prevailing parties," and are entitled to an award of reasonable attorneys' fees.[7]

_____

[6]  As the Court of Appeals has explained, "[t]he relief need not be the exact relief requested as long as it goes toward achieving the same goal." J.O., 287 F.3d at 271.

[7]  The Court recognizes that in compelling the Board's compliance with the ALJ's order, the Court exercised its authority pursuant to 42 U.S.C. § 1983, not the IDEA.  See A.V., 2007 WL 1892469, at *16 (noting that in Jeremy H. by Hunter v. Mount Lebanon School Dist., 95 F.3d 272, 278 (3d Cir. 1996), the Court of Appeals found that "whether or not an IDEA decision of a state hearing officer or appellate body is enforceable under IDEA directly, such a decision would seem to be enforceable under section 1983").  This comports with well-established law that an action under Section 1983 is used to redress violations of federal rights by persons acting under color of state law.  The IDEA secured federal rights to Plaintiffs, and Defendant's violation thereof was redressable under Section 1983. Accordingly, the Court's award of attorneys' fees for Plaintiffs' success in securing an enforcement Order from this Court is made pursuant to 42 U.S.C. § 1988.  See Watkins v. Vance, 328 F. Supp. 2d 27, 33 (D.D.C. 2004) (finding that in an action to enforce rights under the IDEA, an award of attorneys' fees can be made under section 1988).  The standard for assessing whether a litigant is a "prevailing party," and whether an award of fees is reasonable, is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"  John T., 318 F.3d at 555 n.4 (quoting Hensley v.

**B.   Reasonableness of Attorneys' Fees**

Having determined that Plaintiffs are entitled to an award of attorneys' fees, the Court must next determine the quantum of fees that would constitute a reasonable award.  The Court's approach in assessing the reasonableness of a claim for attorneys' fees is governed by the "'lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate."  Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001) (citing Hensley, 461 U.S. at 424).  The Court addresses the reasonableness of Plaintiffs' attorneys' hourly rate and the number of hours spent litigating this case in turn below.

1.   Hourly Rate

As the Court recognized in A.V. I, the reasonable hourly rate is determined by reference to the marketplace, Missouri v. Jenkins, 491 U.S. 274, 285 (1989), and an attorney's customary billing rate is the proper starting point for calculating fees. Cunningham v. City of McKeesport, 753 F.2d 262, 268 (3d Cir. 1985).  In the Affidavit of Services submitted in connection with the motion for attorneys' fees, Plaintiffs' counsel, John Comegno, II, Esq., states that at the time he worked on this

---

Eckerhart, 461 U.S. 424, 433 n.7 (1983)).

case, his hourly rate was $250 per hour,[8] that his associates bill between $150 and $175 per hour, and that his paralegals' rate is $75 per hour.  (Comegno Aff. ¶ 6.)  Mr. Comegno's Affidavit further states that such rates are consistent with the accepted hourly rate of qualified attorneys in his area of practice.  (Id.)  While the Board vigorously disputes the reasonableness of the time Plaintiffs spent litigating this case, it does not object to the reasonableness of these hourly rates themselves.

The Court reiterates its finding regarding the reasonableness of Plaintiffs' counsel's hourly rates that it announced in A.V. I:

> This Court finds that $250 is a generous hourly fee for such litigation in this area, but it is justified if the attorney shows the efficiency normally associated with fifteen years of specialized practice in the field.  The Court will apply the $250 hourly fee (or $175 and $150 per hour for associates, where applicable) for this case, while insisting upon the high degree of efficiency and effectiveness that an attorney rating such a fee should demonstrate.

A.V., 2007 WL 1892469, at *9.

### 2.   Reasonableness of Fees

Plaintiffs assert that "[i]n order to reasonably handle this matter, at the Federal level, the total amount of fees and costs expended [were] $45,565.40," (Comegno Aff. ¶ 14), and in their

---

[8]  Mr. Comegno's current hourly rate is $300 per hour, but during the period when he worked on this case, his rate was $250 per hour.  (Comegno Aff. ¶ 6.)

motion for attorneys' fees, they claim that these expenses were
"necessary in order to adequately and appropriately handle this
matter."  (Pl.'s Br. at 12.)

     Defendant argues that the hours spent litigating this matter
do not justify the award of such a substantial fee in light of
the limited nature of the relief Plaintiffs secured in this
action.  Additionally, since Plaintiffs' attorneys' work in this
case after the Court issued its June 27, 2007 Opinion and Order
resulted in a private settlement rather than additional Court-
sanctioned relief, Defendant argues that Plaintiffs are not
entitled to additional fees for such work.  See Buckhannon, 532
U.S. at 603-04.  Defendant further argues, with regard to
Plaintiffs' work following the issuance of the June 27, 2007
Opinion and Order, that Plaintiffs' counsel overstaffed its work
in preparing for an uncomplicated compliance hearing, and that
Plaintiffs' fee award should be reduced accordingly.

     The Court agrees with Defendant that Plaintiffs' award of
attorneys' fees must be reduced to reflect their limited degree
of success in this action in accordance with the principles
articulated in Hensley v. Eckerhart, 461 U.S. at 424.  In Field
v. Haddonfield Board of Education, the court summarized those
principles as follows:

          Where a plaintiff presents different claims for relief
          that are based on unrelated facts and legal theories,
          courts should exclude fees for time expended in
          unsuccessful claims.  However, where much of counsel's

14

time was devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.  Where, as here, the plaintiff has achieved only partial success, a lodestar calculation of attorneys fees may result in an excessive amount.  Again, the most critical factor is the degree of success obtained.  In exercising its discretion in fixing the award, the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.

Field v. Haddonfield Bd. of Educ., 769 F. Supp. 1313, 1322 (D.N.J. 1991) (internal citations, quotations, and footnotes omitted); see also Holmes v. Millcreek Tp. School Dist., 205 F.3d 583, 595-96 (3d Cir. 2000) (awarding one-fourth of fees where plaintiff prevailed on some but not all claims); A.V., 2007 WL 1892469, at *9 ("When a Court is unable to differentiate services for claims that were successful from services for claims that were unsuccessful . . . the district court may consider a reduction based on the percentage of success achieved.").

Initially, the Court finds that the base quantum of expenditures submitted by Plaintiffs – $45,565.40 – must be adjusted to reflect two considerations.  First, the invoices submitted by Plaintiffs include a limited number of fees and expenses for services rendered on or before January 19, 2006. (Comengo Aff. Ex. 2.)  These fees and expenses were already accounted for in A.V. I, which addressed "the fees and costs incurred by Plaintiffs from September 30, 2004 . . . through

15

January 19, 2006," <u>A.V.</u>, 2007 WL 1892469, at *6, and will be excluded from the award of fees for post-January 19, 2006 services.

Next, the Plaintiffs' lodestar figure appears to account for $4,880.35 in fees and expenses rendered after the Court issued its June 27, 2007 Opinion.  (Comengo Aff. Ex. 2.)  These fees and expenses bear no relation to the achievement of the redress that the Court identified as the sole issue as to which Plaintiffs actually prevailed in this action in Subsection II.A, <u>supra</u> – namely, the Court's Order directing Defendant to comply with the ALJ's order.  Just as "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved," <u>Hensley</u>, 461 U.S. at 435 (internal quotations and citations omitted), work expended after the sole source of success was achieved likewise cannot be thought of as having contributed to that success.[9]  The Court will accordingly exclude those fees invoiced for services rendered between June 2007 and September 2007 from its determination of reasonable attorneys' fees.

With these adjustments taken into account, Plaintiffs'

---

[9]  Moreover, because the private settlement between Plaintiffs and Defendant "lacks the necessary judicial <u>imprimatur</u>" to serve as the basis for an award of attorneys' fees, Plaintiffs' counsel's efforts relating to such a settlement do not enter into the Court's "reasonable fees" calculus. <u>Buckhannon</u>, 532 U.S. at 603-04.

lodestar figure is properly derived from the fees and costs expended between January 20, 2006 and December 18, 2006.[10] (Comengo Aff. Ex. 2.)  As the figures set forth in the margin indicate, this amounts to $37,990.05.[11]  (Id.)  That is, if Plaintiffs had "obtained excellent results" and prevailed on all or nearly all of their claims, then $37,990.05 would likely constitute a reasonable fee award in this case.  Hensley, 461 U.S. at 435.

As the Court has indicated, however, while Plaintiffs were successful enough to carry themselves "across the statutory threshold" as prevailing parties, id. at 433, they did not obtain excellent results.  In A.V. I, the Court denied the primary

---

[10]  Plaintiffs' counsel did not render any services related to this case between December 18, 2006 and June 29, 2007. (Comengo Aff. Ex. 2.)

[11]  The monthly fees and costs expended by Plaintiffs between January 20, 2006 and December 18, 2006 are as follows:

| | |
|---|---|
| January 2006: | $665.00 |
| February 2006: | $0 |
| March 2006: | $15,545.00 |
| April 2006: | $0 |
| May 2006: | $0 |
| June 2006: | $3,284.38 |
| July 2006: | $599.75 |
| August 2006: | $292.50 |
| September 2006: | $1,657.44 |
| October 2006: | $9,950.69 |
| November 2006: | $5,190.48 |
| December 2006: | $804.81 |
| Total: | $37,990.05 |

(Comengo Aff. Ex. 2.)

17

relief Plaintiffs sought in bringing this action when it denied their motion for summary judgment as to the issue of whether the ALJ erred in denying Plaintiffs' request to place B.V. out-of-district.  A.V., 2007 WL 1892469, at *14.  Additionally, while the Court agreed with Plaintiff that the Board had flouted its obligation to comply with the ALJ's order, "the Court [did] not deem it appropriate to order Plaintiffs' primary requested relief – placement at Newgrange School – despite the fact that the Board [did] not appear to be complying with the ALJ's order."  Id. at *15.  The dominant thrust of Plaintiffs' Complaint, by far, was their claim that the Board should have placed B.V. into an out-of-district program, and that the ALJ erred in failing to compel the Board to place B.V. into the Newgrange School, none of which Plaintiffs achieved in this case.

Plaintiffs' success in this action was limited to having obtained, first, an Order from this Court compelling the Board to comply with the ALJ's order, and, second, an award of attorneys' fees for having prevailed, in part, in the proceedings before the ALJ.[12]  Bearing in mind that "the most critical factor [in the assessment of the reasonableness of an attorney fee award] is the degree of success obtained," Field, 769 F. Supp. at 1322, the

---

[12]   The Court of Appeals has recognized that "the fee reduction rationale of Hensley applies by force of the Court's reasoning to fees generated in the litigation of a fee petition . . ."  Maldonado, 256 F.3d at 188 (citation omitted).

award in this case must reflect both the Plaintiffs' success on
these matters and their lack of success on the remaining claims
in this case.  As was the case in <u>A.V. I</u>, however, "the Court
here cannot achieve an accurate picture of which services
[rendered by Plaintiffs' counsel] pertain to which type of relief
sought by Plaintiffs by performing a line-by-line analysis of
Plaintiffs' counsels' billing records," because the information
reflected in those records is insufficiently specific for the
Court to

> identify [a particular entry] as pertaining to a certain
> issue or type of relief sought . . . . This being the
> case, the Court will employ a percentage of reduction
> based on the significance of the overall relief obtained
> by the Plaintiffs in relation to the hours reasonably
> expended on the litigation.

<u>A.V.</u>, 2007 WL 1892469, at *10; <u>see</u> <u>also</u> <u>Field</u>, 769 F. Supp. at
1322; <u>Hensley</u>, 461 U.S. at 435.

The Court will accordingly reduce Plaintiffs' lodestar
figure of $37,990.05 as follows.  Of the four counts alleged in
the Complaint, Plaintiffs prevailed, in part, on two.  The two
counts on which they prevailed, moreover, were undoubtedly the
least complicated issues in this case – a relatively
straightforward claim for attorneys' fees for having prevailed
before the ALJ (Count I), and a motion to compel the Board to
comply with the ALJ's order to provide B.V. with the services of
a reading specialist and with a research-based, multi-sensory
educational program (Count IV).  An inspection of the Complaint

and the parties' motion practice reveals that Plaintiffs' counsel devoted the bulk of their efforts to pursuing their unsuccessful claims seeking an out-of-district placement for B.V.  While certain efforts by counsel, such as drafting the facts sections in the Complaint and the briefs, could be thought of as having contributed both to the successful and unsuccessful claims, an examination of the submissions again reveals that the majority of these efforts were directed toward attempting to prove B.V.'s need for out-of-district placement.  Considering that Plaintiffs partially prevailed on the two least complicated claims in this case, and devoted the majority of their efforts to litigating their unsuccessful claims, the Court concludes that one-fourth of Plaintiffs' $37,990.05 lodestar figure represents a reasonable fee award.  Consequently, the Court will award Plaintiffs attorneys' fees of $9,497.51.[13]

## III. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiffs' motion for attorneys' fees, but in light of the moderate success achieved in this action, will reduce Plaintiffs'

---

[13]  Plaintiffs note in their submissions that Defendant has, to date, failed to pay the $14,926.97 fee award that the Court entered in A.V. I.  Lest there be any confusion, the $9,497.51 in fees awarded herein represents the reasonable fee award for Plaintiffs' efforts between January 20, 2006 and December 18, 2006, and is entered in addition to, not in lieu of, the $14,926.97 Judgment entered on June 27, 2007.

20

requested fees from $45,565.40 to $9,497.51.  The accompanying

Order will be entered.


**September 3, 2008**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         United States District Judge

21